No. 20-16758

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NATIONAL ASSOCIATION OF WHEAT GROWERS, ET AL.,

*Plaintiffs-Appellees*,

v.

ROB BONTA,* ATTORNEY GENERAL OF CALIFORNIA, ET AL.,

*Defendants-Appellants.*

On Appeal from the United States District Court for the
Eastern District of California, Case No. 2:17-cv-02401-WBS-EFB
Honorable William B. Shubb

SUPPLEMENTAL BRIEF OF PLAINTIFFS-APPELLEES
NATIONAL ASSOCIATION OF WHEAT GROWERS, ET AL.

| | |
|---|---|
| Catherine L. Hanaway | Richard P. Bress |
| Matthew P. Diehr | Philip J. Perry |
| Natalie R. Holden | Andrew D. Prins |
| HUSCH BLACKWELL LLP | Nicholas L. Schlossman |
| 190 Carondelet Plaza, Suite 600 | Tyce R. Walters |
| St. Louis, Missouri 63105 | LATHAM & WATKINS LLP |
| Telephone: (314) 480-1903 | 555 Eleventh Street, NW, Suite 1000 |
| | Washington, DC 20004 |
| *Attorneys for Appellees National Assoc. of Wheat Growers, National Corn Growers Assoc., U.S. Durum Growers Assoc., Monsanto Company, Missouri Farm Bureau, Iowa Soybean Assoc., South Dakota Agri-Business Assoc., North Dakota Grain Growers Assoc., Missouri Chamber of Commerce and Industry, Agribusiness Assoc. of Iowa, and Associated Industries of Missouri* | Telephone: (202) 637-2200 |
| | *Attorneys for Appellees Monsanto Company and CropLife America* |

(*additional counsel on signature page*)

\* Following Defendant Xavier Becerra's confirmation as HHS Secretary, Rob Bonta was confirmed as the Attorney General of California on April 22, 2021. *See* Fed. R. App. P. 43(c).

## TABLE OF CONTENTS

                                                                                    **Page**

TABLE OF AUTHORITIES ................................................................................... ii
INTRODUCTION ..................................................................................................... 1
ARGUMENT ............................................................................................................ 3
    I.     The Fifth Warning Should Not Alter The Analysis ............................................ 3
    II.    Alternatively, The Court Should Remand for Consideration Whether The Fifth Warning Impacts The Injunction ....................................................... 6
    III.   No Factual Developments Undermine The Validity Of The Injunction ........... 9
CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*California Chamber of Commerce v. Council for Education & Research on Toxics*,
   29 F.4th 468 (9th Cir.), *reh'g denied*, 2022 WL 14725243 (Oct. 26, 2022) ...................................................................................................5

*Central Hudson Gas & Electric Corp. v. Public Service Commission*,
   447 U.S. 557 (1980) ...........................................................................5

*Dilley v. Gunn*,
   64 F.3d 1365 (9th Cir. 1995) .............................................................8

*Douglas v. Babcock*,
   931 F.2d 56 (6th Cir. 1991) ............................................................6, 8

*Memphis Planned Parenthood, Inc. v. Sundquist*,
   121 F.3d 708 (6th Cir. 1997) .............................................................9

*Natural Resources Defense Council v. EPA*,
   38 F.4th 34 (9th Cir. 2022) ................................................................9

*Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*,
   484 F. App'x 153 (9th Cir. 2012) ...................................................6, 8

*Valle Del Sol Inc. v. Whiting*,
   709 F.3d 808 (9th Cir. 2013) .............................................................7

*Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*,
   471 U.S. 626 (1985) ...........................................................................5

## STATUTES

Cal. Code Regs. tit. 27, §§ 25607.48, 25607.49,
   https://oehha.ca.gov/media/downloads/crnr/finalregtextglyphosate090822.pdf ...................................................................................2

**Page(s)**

## OTHER AUTHORITIES

Final Statement of Reasons (July 2022),
     https://oehha.ca.gov/media/downloads/crnr/fsorglyphosate090822
     .pdf ................................................................................................................... 10

U.S. EPA, Glyphosate, https://www.epa.gov/ingredients-used-
     pesticide-products/glyphosate (last updated Sept. 23, 2022) ......................................9

**INTRODUCTION**

Each time the district court held that a proffered Proposition 65 warning for glyphosate violated the First Amendment, the Attorney General proffered another that he said would do the trick. After the district court held that the longstanding known-to-cause-cancer safe-harbor warning was inaccurate and misleading as applied to glyphosate, the Attorney General hypothesized two alternative glyphosate-specific warnings that he claimed responded to the "unusual circumstances at issue here," where "regulatory and governmental agencies … disagree with IARC's conclusion that glyphosate is a carcinogen." 5-SER-1108–09, 1115. The court rejected both: the first was "not significantly different" from a general safe harbor warning, and the second, among other things, misleadingly "convey[ed] the message that there is equal weight of authority for and against the proposition that glyphosate causes cancer." 1-ER-63–64, 67. The Attorney General then offered a fourth variation (the Alternative Warning) that the district court also rejected as unconstitutional. In granting a permanent injunction, the court held that, given Proposition 65's core requirement to warn that a listed chemical causes cancer, and the weight of scientific authority that glyphosate does not, no warning can comply both with Proposition 65 and the First Amendment.

On appeal to this Court, the Attorney General continued to defend that fourth Alternative Warning—and Plaintiffs explained why it is both noncompliant with Proposition 65 and fundamentally misleading. The Attorney General now champions a fifth alternative warning. On September 1, 2022, California's Office of

1

Environmental Health Hazard Assessment (OEHHA), finalized a regulation permitting a safe-harbor warning specific to glyphosate (the Fifth Warning). It begins with "'CALIFORNIA PROPOSITION 65 WARNING' in all capital letters and bold print," and requires the following text:

> Using this product can expose you to glyphosate. The International Agency for Research on Cancer classified glyphosate as probably carcinogenic to humans. US EPA has determined that glyphosate is not likely to be carcinogenic to humans; other authorities have made similar determinations. A wide variety of factors affect your potential risk, including the level and duration of exposure to the chemical. For more information, including ways to reduce your exposure, go to www.P65Warnings.ca.gov/glyphosate.[1]

This Fifth Warning, like the fourth, Alternative Warning, is noncompliant with Proposition 65, and it violates the First Amendment for similar reasons. Resp. Br. 39-67. Because this new variation should not meaningfully affect the analysis, the Court should affirm the judgment below for the reasons Plaintiffs have previously offered.

If this Court concludes, however, that the Fifth Warning differs sufficiently to warrant further analysis, it should remand the case to the district court to consider the new variation in the first instance. That would accord with this Court's usual practice and might be appropriate here since the First Amendment issue turns on the factual

---

[1] Cal. Code Regs. tit. 27, §§ 25607.48, 25607.49, https://oehha.ca.gov/media/downloads/crnr/finalregtextglyphosate090822.pdf. The regulation permits substitution of "ATTENTION" or "NOTICE" for "WARNING" on certain pesticide labels regulated by the U.S. EPA. But "WARNING" is required for other products, even if they contain just trace levels of glyphosate.

question of how ordinary consumers would understand the Fifth Warning. But, also consistent with past practice, if the Court orders such a remand, it should leave the current injunction in place while the district court assesses the impact (if any) of this most recent alternative warning. If the injunction were instead vacated pending the results of the remand, Plaintiffs would instantly face a spate of lawsuits from private "bounty hunter" enforcers of Proposition 65 seeking millions of dollars of statutory damages, along with immediate, irreparable harm to their First Amendment rights and reputations.

Finally, this Court's order only requested supplemental briefing addressing the implications of OEHHA's promulgation of the Fifth Warning. Order 1, ECF No. 84. To the extent other developments bear on this Court's analysis, none undermine the validity of the injunction.

## ARGUMENT

## I. THE FIFTH WARNING SHOULD NOT ALTER THE ANALYSIS

The Fifth Warning does not differ materially from its predecessors. It likewise does not comply with Proposition 65 and flunks First Amendment scrutiny for many of the same reasons that the others do. The simplest way forward is thus for this Court to affirm the judgment below notwithstanding OEHHA's adoption of the new warning.

The Fifth Warning begins with an all-capitalized "CALIFORNIA PROPOSITION 65 WARNING" that using "this product can expose you to glyphosate." It next tells consumers that the "International Agency for Research on

Cancer"—whose weighty name suggests (without foundation) that it is the world's expert on cancer—has "classified glyphosate as probably carcinogenic to humans." The warning only thereafter notes that "US EPA" has concluded glyphosate is not likely carcinogenic, as have unspecified "other authorities"—abbreviating the United States Environmental Agency rather than using its more impressive full name, and failing to disclose that the "other authorities" comprise a unanimous consensus of regulators from the European Union to Canada, Australia, New Zealand, Japan, and South Korea. Resp. Br. 9-10. And the warning still fails to explain that IARC made only a "hazard" finding, not a finding that glyphosate presents a meaningful "risk" of cancer to humans at real-world levels of exposure. *Id.* at 47-50.

To be sure, unlike its predecessors, the Fifth Warning omits the manifestly misleading statement that glyphosate is "known" to the State of California to cause cancer. But this makes it even more clearly noncompliant with the statute, which requires all warnings to convey that the listed chemical causes cancer. *Id.* at 29-30.

Taken as a whole, moreover, the Fifth Warning is still impermissibly misleading and controversial. It conveys that glyphosate probably causes cancer or, at best, that authoritative bodies are split equally on that question—and both those messages are false. Additionally, with the prefatory all-capitalized "WARNING" signal required on many products, and the concluding statement that a "wide variety of factors affect your potential risk, including the level and duration of exposure to the chemical," the Fifth Warning conveys that consumers may incur a meaningful risk of cancer depending on

4

their "level of exposure," a message that is, at minimum, highly controversial. Like the Alternative Warning before it, the Fifth Warning thus is not "purely factual" within the meaning of *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626, 651 (1985). The Fifth Warning is also not "uncontroversial" because it forces Plaintiffs to proclaim the existence of a debate over glyphosate's carcinogenicity and present viewpoints with which they strongly disagree.

Indeed, this Court recently held that the Proposition 65 warning is impermissibly "controversial" as applied to acrylamide "because of the scientific debate over whether acrylamide in food causes cancer in humans." *Cal. Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 478 (9th Cir.), *reh'g denied*, 2022 WL 14725243 (Oct. 26, 2022); *see id.* n.10 (holding that "[h]owever controversial is defined [under *Zauderer*], the acrylamide Prop. 65 warning easily meets the definition because of the scientific debate"). The Fifth Warning likewise "elevates one side of a legitimately unresolved scientific debate about whether" glyphosate "increases the risk of cancer." *Id.* at 478.

For all these reasons, the Fifth Warning cannot be upheld under *Zauderer*, and if evaluated under *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557 (1980), it fails for precisely the same reasons as its predecessors: The State has no legitimate interest in misleading consumers (Resp. Br. 62-63); the interest the Attorney General has invoked—informing consumers whenever one of a handful of entities determines that a chemical is probably theoretically capable of causing cancer, even if most authorities disagree—was explicitly *disclaimed* in the Proposition 65 ballot summary

5

(*id.* at 64; 2-ER-121); and forcing Plaintiffs to convey this message rather than the State doing so itself burdens First Amendment freedoms more than necessary (Resp. Br. 65-67).

## II. ALTERNATIVELY, THE COURT SHOULD REMAND FOR CONSIDERATION WHETHER THE FIFTH WARNING IMPACTS THE INJUNCTION

While the Fifth Warning is similar in crucial respects to the previously proffered alternatives, unlike those litigation-inspired variants this one was promulgated by OEHHA as a regulation and elements of it have not been considered by the district court. If this Court believes that the new warning's regulatory status or textual differences might affect the analysis, it should remand to permit the district court to assess the new warning in the first instance.

This Court and other courts of appeals have frequently taken that course in similar circumstances. For instance, in *Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*, 484 F. App'x 153 (9th Cir. 2012), the district court had granted a preliminary injunction relating to a local marijuana ordinance. On appeal, "the City passed an Amended Revised Ordinance," and this Court thus "remand[ed] to the district court so it c[ould] consider whether [the plaintiff], under current circumstances, continues to make a sufficient showing to warrant continuation of a preliminary injunction." *Id.* at 154-55. Other courts of appeals have done the same when legislative or regulatory changes are made during the appeal of an injunction. *See, e.g., Douglas v. Babcock*, 931 F.2d 56, 56 (6th Cir. 1991) (unpublished table decision).

Remand may be appropriate here, moreover, because the First Amendment analysis is ultimately a factual one. In determining whether a warning is purely factual and uncontroversial, a court must determine what message consumers will understand the warning to convey. *See, e.g.*, Resp. Br. 40-41, 52-53. If this Court concludes that the textual differences in the Fifth Warning warrant further substantive review, the district court would be best placed to evaluate the meaning conveyed by this warning and assess any additional evidence on that question.

If this Court concludes that such a remand is warranted, however, it should leave the existing injunction in place pending the district court's decision. Whatever its impact, OEHHA's promulgation of the Fifth Warning does not warrant a summary vacatur of the injunction. The district court repeatedly concluded that no warning compliant with Proposition 65 would be permissible under the First Amendment, and the Fifth Warning purports to be a Proposition 65-compliant warning. It is also similar in many respects to variants the district court already held unconstitutional. Leaving the injunction intact pending remand would also preserve the status quo, under which Plaintiffs have never been required to convey Proposition 65 warnings for glyphosate. And it would accord with the district court's eminently proper weighing of the equities. As the district court explained, absent an injunction Plaintiffs face an immediate threat of harm to their First Amendment freedoms which, "for even minimal periods of time, unquestionably constitutes irreparable injury." 1-ER-56 (quoting *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2013)). And as Plaintiffs argued below, their

7

business interests would also be irreparably harmed if forced to disparage their products during the pendency of the remand, incurring "damage to the reputation and goodwill of plaintiffs and their products, loss of customers, the cost and burden of testing, and disruption to supply chains and existing business practices." *Id.* n.16; *see also Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995) (noting that "the touchstone of vacatur is equity").

Remand without vacatur also accords with this Court's past practice. For instance, in *Santa Barbara Patients' Collective Health Cooperative*, this Court stated that the amendments to a local marijuana ordinance "appear[ed] to supersede the district court's principal basis for granting the preliminary injunction." 484 F. App'x at 154-55. But even then the Court did *not* vacate the existing injunction; instead, it "remand[ed] to the district court so it can consider whether [the plaintiff], under current circumstances, continues to make a sufficient showing to warrant continuation of a preliminary injunction." *Id.*; *see also Douglas,* 931 F.2d at 56 ("The preliminary injunction shall remain in effect until the district court has an opportunity to reconsider the basis of the injunction in light of the aforementioned amendment, and in light of the plaintiff's new arguments and facts based thereon, and upon the Equal Protection Clause.").

By contrast, where courts of appeals have vacated an injunction before remanding, the intervening legislative or regulatory development has generally altered the playing field fundamentally, mooting the controversy or completely undermining the viability of the injunction—making the continuation of an injunction on remand

8

obviously untenable or inequitable. *See Memphis Planned Parenthood, Inc. v. Sundquist*, 121 F.3d 708 (6th Cir. 1997) (unpublished table decision) ("There being no controversy as to whether the statute in its present form provides an expedient and anonymous bypass procedure, this appeal is moot."). This is not such a case.

In short, if the Court believes remand appropriate, it should retain the injunction while the district court considers the Fifth Warning's impact in the first instance.

### III. NO FACTUAL DEVELOPMENTS UNDERMINE THE VALIDITY OF THE INJUNCTION

This Court ordered briefing only on the impact of OEHHA's new regulation. The Attorney General may point additionally to this Court's recent decision holding that EPA failed to follow the requirements of the Administrative Procedure Act in its 2020 Interim Decision reaffirming that "glyphosate is not likely to be carcinogenic to humans." *See Nat. Res. Def. Council v. EPA*, 38 F.4th 34, 43 (9th Cir. 2022). But this Court did not dispute that EPA has consistently, through multiple administrations, arrived at that same scientific conclusion, or that that continues to be EPA's position to this day. EPA has since reaffirmed that its "underlying scientific findings regarding glyphosate, including its finding that glyphosate is not likely to be carcinogenic to humans, remain the same," though in "accordance with the court's decision, the Agency intends to revisit and better explain its evaluation."[2] And OEHHA itself, in

---

[2] U.S. EPA, Glyphosate, https://www.epa.gov/ingredients-used-pesticide-products/glyphosate (last updated Sept. 23, 2022).

9

promulgating the Fifth Warning, recognized that "the current US EPA classification for glyphosate" remains "'not likely carcinogenic to humans.'" Final Statement of Reasons 4 (July 2022).[3] The Court's decision in *Natural Resources Defense Council* thus does not affect the First Amendment analysis in this case.

Finally, the Attorney General in his Opening Brief (at 40-43) relied heavily on a handful of jury verdicts in personal-injury cases attributing plaintiffs' cancer diagnoses to glyphosate. That argument was never compelling, Resp. Br. 44-45, but has only become less so: Since then, five additional personal-injury cases have gone to trial, and in *none* of them have juries found that a plaintiff's cancer diagnosis was caused by glyphosate.[4]

## CONCLUSION

The Court should affirm or, alternatively, remand without vacatur.

---

[3] https://oehha.ca.gov/media/downloads/crnr/fsorglyphosate090822.pdf

[4] *Clark v. Monsanto Co.*, No. 20STCV-46616 (Cal. Super. Ct., Los Angeles Co.); *Stephens v. Monsanto Co.*, No. CIVSB2104801 (Cal. Super. Ct., San Bernardino Co.); *Shelton v. Monsanto Co.*, No. 1816-CV17026 (Mo. Cir. Ct., Jackson Co.); *Johnson v. Monsanto Co.*, No. 21CV10291 (Or. Cir. Ct., Jackson Co.); *Alesi v. Monsanto Co.*, No. 19SL-CC03617 (Mo. Cir. Ct., St. Louis Co.).

10

Dated: November 1, 2022

Catherine L. Hanaway
Matthew T. Schelp
Matthew P. Diehr
Christopher C. Miles
Natalie R. Holden
HUSCH BLACKWELL
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1903
catherine.hanaway@huschblackwell.com

*Attorneys for Appellees National Association of Wheat Growers, National Corn Growers Association, United States Durum Growers Association, Monsanto Company, Missouri Farm Bureau, Iowa Soybean Association, South Dakota Agri-Business Association, North Dakota Grain Growers Association, Missouri Chamber of Commerce and Industry,
Agribusiness Association of Iowa, and Associated Industries of Missouri*

Ann M. Grottveit
KAHN, SOARES & CONWAY, LLP
1415 L Street, Suite 400
Sacramento, CA 95814
Telephone: (916) 448-3826
agrottveit@kscsacramento.com

*Attorney for Appellee Western Plant Health Association*

Respectfully submitted,

/s/ *Richard P. Bress*
Richard P. Bress
Philip J. Perry
Andrew D. Prins
Tyce R. Walters
Nicholas L. Schlossman
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
rick.bress@lw.com

*Attorneys for Appellees Monsanto Company and CropLife America*

Trenton H. Norris
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3303
trent.norris@arnoldporter.com

*Attorney for Appellee Monsanto Company*

Stewart D. Fried
Gary H. Baise
OLSSON FRANK WEEDA TERMAN MATZ PC
2000 Pennsylvania Ave., NW # 3000
Washington, DC 20006
Telephone: (202) 789-1212
sfriend@ofwlaw.com

*Attorneys for Appellee Agricultural Retailers Association*

11

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number 20-16758**

I am an attorney for Appellees Monsanto Company and CropLife America.

**This brief is ten pages in length,** pursuant to Order, ECF No. 84, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties;
  [ ] a party or parties are filing a single brief in response to multiple briefs; or
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ X ] complies with the length limit designated by court order dated __September 28, 2022____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** /s/ Richard P. Bress       **Date** November 1, 2022